UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY JEROME DUKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-384-AGF |
| | ) | |
| METRO BUS TRANSFER CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of Rodney Jerome Dukes for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

### The complaint

Plaintiff brings this action against Metro Bus Transfer Center, alleging that he sustained physical injuries to his "back & tooth" after a Metro bus driver intentionally injured him in the bus doors. Plaintiff states that he lives in Illinois and defendant is located in St. Louis; he seeks unspecified monetary relief.

Plaintiff states that the jurisdictional grounds for filing this action in federal court are, as follows: "For the Honorable Judge and Courts to provide [plaintiff] with some service to Metro bus 2 week to process delay reason." The Court will liberally construe the complaint as having been brought pursuant to 28 U.S.C. § 1332.[1]

---

[1]Plaintiff does not allege that Metro Bus Transfer Center is a state actor, nor does it appear to be one, and thus, there can be no cause of action under 42 U.S.C. § 1983. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(to state § 1983 claim, plaintiff must first establish that a person acting under color

The Court finds that this action should be dismissed for lack of federal-court subject matter jurisdiction. Plaintiff has failed to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332. Moreover, plaintiff has failed to assert any allegations against defendant Metro Bus Transfer Center. Although the Court must liberally construe plaintiff's factual allegations, it will not supply additional facts or construct a legal theory for plaintiff that assumes facts that have not been pleaded.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action and the complaint fails to state a claim or cause of action. *See* 28 U.S.C. § 1915(e)(2)(B).

---

of state law committed actions which form the basis of the complaint), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

3

A separate order of dismissal shall accompany this memorandum and order.

Dated this 24th day of May, 2011.

_____
**UNITED STATES DISTRICT JUDGE**